```
                   UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA
```

|  |  |  |
|---|---|---|
| WALDIMIR ADALBERTO CRUZ ROMERO, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 11-1799 (RWR) |
| ITW FOOD EQUIPMENT GROUP LLC, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM ORDER

Plaintiff Waldimir Adalberto Cruz Romero brings this products liability action against defendant ITW Food Equipment Group LLC ("ITW FEG"). Romero alleges that, while operating a Hobart Model 4146 grinding machine, his right hand became entrapped in the throat of the machine and was amputated. Compl. ¶¶ 8-9, 12. Romero proffers Steven Kane to offer expert opinion testimony on ITW FEG's liability for Romero's injuries.

ITW FEG moved to exclude Kane's expert testimony under Federal Rule of Evidence 702. Romero opposed the motion and also moved to file a surreply to address a diagram introduced by the defendant for the first time in its reply brief that purports to illustrate Romero's alternative design theory. Romero's motion for leave to file a surreply was granted. Although ITW FEG did not oppose Romero's motion to file a surreply, ITW FEG has moved under Federal Rule of Civil Procedure 37(c) to strike "any

- 2 -

reference to the alternative design opinion contained in Plaintiff's . . . surreply" as having not been contained in Kane's written report in violation of Federal Rule of Civil Procedure 26(a)(2)(B).  See Def.'s Mot. to Strike & Exclude Pl.'s Undisclosed Alternative Design Op. ("Def.'s Mot.") at 1.  Romero counters that ITW FEG misinterpreted Kane's opinion and that the alternative design theory illustrated in his surreply is consistent with Kane's disclosed opinions.  Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Strike ("Pl.'s Mem.") at 2.

Rule 26(a)(2) requires that any expert witness who may testify at trial prepare and sign a report, which includes "a complete statement of all opinions the witness will express and the basis and reasons for them[.]"  Fed. R. Civ. P. 26(a)(2)(B).  Some of the purposes of Rule 26 are to "avoid surprise and the possible miscarriage of justice [and] to disclose fully the nature and scope of the controversy[.]"  See Wright, Miller, & Kane, 8 Federal Practice and Procedure 22–23 (3d ed. 2010); see also Pierce v. Pierce, 5 F.R.D. 125, 125 (D.D.C. 1946).  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c).  Although "Rule 37(c)(1) is a self-executing sanction," Norden v. Samper, 544 F. Supp. 2d 43, 49 (D.D.C. 2008) (internal quotation marks omitted), the initial

- 3 -

burden is on the movant to show that the expert opinion was undisclosed, Scholl v. Pateder, No. 09-cv-02959-PAB-KLM, 2011 WL 2473284, at *4 (D. Colo. June 22, 2011).

The challenged expert opinion pertains to the specifications of a safe meat grinder.  The parties agree that Kane testified that meat grinders "with cylinder feed throats larger than two-to two-and-a-half inches in diameter and of a sufficient length long enough to prevent an operator's fingers from contacting the danger zone or the nip point are unsafe[,]" Def.'s Mot., Ex. A (Steven F. Kane Dep. at 116:11-117-1).  See Pl.'s Mem. at 2; Mem. in Supp. of ITW Food Equip. Grp.'s Mot. to Strike & Exclude Pl.'s Undisclosed Alternative Design Op. at 1-2.  However, they disagree regarding the part of the feed tube to which Kane was referring when he said that it should be no larger than 2 ½ inches.  ITW FEG argues that Kane's opinion is that the *opening* of the feed tube should be 2 ½ inches.  Romero counters that Kane's opinion is that the *bottom* of the feed tube should be 2 ½ inches.[1]

ITW FEG offers neither evidence nor argument to rebut Romero's interpretation of Kane's testimony, and has not met its

---

[1] In line with their differing interpretations of Kane's expert opinion, the parties' diagrams show different shaped feed tubes.  The diagram in ITW FEG's reply shows a feed cylinder with a 2 ½ inch opening.  Reply in Supp. of ITW Food Equip. Grp. Mot. in Limine to Exclude the Ops. & Test. of Steven Kane at 9.  In contrast, Romero's diagram shows a bell-shaped feed tube with a 2 ½ inch bottom dimension and a larger opening. See Pl.'s Surreply Brief in Resp. to Def.'s Reply Brief at 2.

- 4 -

initial burden to show that the plaintiff's alternative design theory was based on an undisclosed expert opinion.  Moreover, Kane's report was sufficiently detailed to allow ITW FEG to prepare for its deposition with Kane, see Fed. R. Civ. P. 26 Advisory Committee's notes, and depose Kane about the meaning of his expert testimony to avoid any surprise as to the plaintiff's alternative design theory.  For these reasons, the defendant's motion to exclude will be denied.  Accordingly, it is hereby

ORDERED that the defendant's motion [35] to strike and exclude the alternative design contained in the plaintiff's surreply be, and hereby is, DENIED.

SIGNED this 11th day of March, 2013.

```
                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge
```